IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DAVID ALLEN VANDYNE, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | CIVIL ACTION H-12-0329 |
| § | |
| RICK THALER, § | |
| § | |
| Respondent. § | |

**MEMORANDUM OPINION AND ORDER**

Petitioner, a state inmate proceeding *pro se*, seeks habeas relief under 28 U.S.C. § 2254 challenging his convictions and life sentences for two counts of aggravated sexual assault of a child. Respondent filed a motion for summary judgment based on expiration of limitations (Docket Entry No. 11), to which petitioner responded (Docket Entry No. 14).

Based on consideration of the pleadings, the motion and response, the record, and the applicable law, the Court GRANTS the motion for summary judgment and DISMISSES this case for the reasons that follow.

*Procedural Background and Claims*

Petitioner was convicted of two counts of aggravated sexual assault of a child and sentenced to two concurrent life sentences. The convictions were affirmed on direct appeal. *VanDyne v. State*, No. 10-07-00328-CR, 2009 WL 1478699 (Tex. App.—Waco 2009, no pet.). Discretionary review was not pursued, and the Texas Court of Criminal Appeals denied state habeas relief. *Ex parte VanDyne*, WR-74,235-1 through -5.

In the instant petition, petitioner raises claims for ineffective assistance of trial counsel, involuntary guilty pleas, and actual innocence. Respondent argues that these claims should be dismissed as barred by limitations.

### *Factual Background*

The state court of appeals set forth the following statement of facts in its opinion affirming petitioner's convictions on direct appeal:

> Detective Leslie Malinak of the Bryan Police Department testified Vandyne told her that he had molested C.B. Detective Malinak testified Vandyne told her he had taken a bath with then ten-year-old C.B. and rubbed C.B.'s exposed penis. He also told her he performed oral sex on C.B.; they slept in the bed together that same night; and during the night he placed his penis between C.B.'s thighs and rubbed until he achieved orgasm. C.B. testified that during a sleepover with Vandyne, Vandyne asked him to pretend that he was paralyzed, after which Vandyne 'pulled his private areas out' and entered C.B.'s 'butt crack.' C.B. also testified as follows: he and Vandyne had taken a bath together; he believed he slept in the same bed as Vandyne that night; during the night, he drank some orange juice prepared by Vandyne; when he woke up the next morning, he felt pain and soreness on the inside of his rectum; the inside of his rectum felt warm, and he felt like he could not control his bladder; and when he asked Vandyne what had happened, Vandyne replied that he had just 'played around' or 'messed around' with him a little bit.

*VanDyne*, at *2.

### *Limitations*

Respondent correctly asserts that petitioner's claims are barred by limitations. The instant petition is governed by provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Under AEDPA, federal habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

2

>    (d)(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1), (2).

Petitioner's convictions were affirmed on direct appeal on May 27, 2009, and the convictions became final for purposes of limitations on June 26, 2009, thirty days later. Petitioner did not file a petition for discretionary review.[1] His federal petition was due no later than Monday, June 28, 2010, absent statutory tolling. Petitioner's first application for

---

[1] Although petitioner requested leave to file an out-of-time petition for discretionary review, the Texas Court of Criminal Appeals denied the request. Because the request was not granted, federal limitations was not tolled during pendency of the request. *See Womack v. Thaler*, 591 F.3d 757 (5th Cir. 2009).

state habeas relief was filed on May 14, 2010, and denied on May 25, 2011, entitling him to 377 days' statutory tolling during its pendency. *See Windland v. Quarterman*, 578 F.3d 314, 317–318 (5th Cir. 2009). Petitioner's federal petition was then due July 8, 2011, absent further statutory tolling.

Petitioner filed two additional applications for state habeas relief on May 31, 2011, and June 3, 2011, respectively, but they were dismissed pursuant to Texas Rule of Appellate Procedure 73.1. Petitioner argues that these applications tolled limitations. However, it is well established that state habeas applications that are dismissed under Rule 73.1 are not "properly filed" and do not toll federal limitations. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000); *Davis v. Quarterman*, 342 F. App'x 952, 953 (5th Cir. 2009) (unpublished); *see also Broussard v. Thaler*, 414 F. App'x 656 (5th Cir. 2011) (unpublished). Accordingly, the instant federal habeas petition was due filed no later than July 8, 2011. Because it was not filed until January 29, 2012, it is untimely.

Petitioner acknowledges that his federal petition appears untimely, but states that limitations did not commence until November 6, 2009, when he received a copy of his trial transcripts and "discovered" his claimed errors. (Docket Entries No. 1, p. 21; No. 14, pp. 2–6.) He also argues that he is entitled to equitable tolling because he was unaware of the law underlying these errors.

Under section 2244(d)(1)(D), an alternate method for determining commencement of limitations, limitations begins to run on the date on which the factual predicate of the claim

4

or claims presented could have been discovered through the exercise of due diligence. However, petitioner presents no probative summary judgment evidence, and the record does not establish, that he could not have discovered the *factual* predicate of his claims, through the exercise of due diligence, until he received a copy of his trial transcript. To the contrary, petitioner was present at trial and knew, or could have discovered through the exercise of due diligence at that time, the factual predicates for his claims that counsel failed to object to extraneous offense evidence during trial and closing argument. Further, he was present during his plea hearings and knew, or could have discovered through the exercise of due diligence at that time, the factual predicates for his claims that his pleas were made unknowingly or involuntarily. Nor can petitioner reasonably argue that he was unaware of his "actual innocence" until he received his trial transcript.[2]

Further, petitioner presents no probative summary judgment evidence establishing his entitlement to equitable tolling. "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) (internal citation and quotation marks omitted). A section 2254 petitioner seeking to invoke equitable tolling bears the burden of proof in establishing his entitlement to the same. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000). Petitioner's allegation

---

[2]Even assuming it were not barred by limitations, petitioner's free standing actual innocence claim is not a cognizable federal habeas claim. *See Dowthitt v. Johnson*, 230 F.3d 733, 741 (5th Cir. 2000).

5

that he was ignorant of the law provides no basis for equitable tolling, as the lack of legal training, ignorance of the law, and unfamiliarity with the legal process are insufficient reasons to equitably toll the AEDPA statute of limitations. *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999); *see also Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999).

Petitioner additionally argues that, even assuming expiration of limitations, he remains entitled to habeas relief because his constitutional rights were violated and his claims are meritorious. Petitioner cites no authority, and this Court finds none, in support of this contention that limitations does not apply to "meritorious" habeas claims.

### *Conclusion*

Respondent's motion for summary judgment (Docket Entry No. 11) is GRANTED. The petition for a writ of habeas corpus is DENIED, and this case is DISMISSED WITH PREJUDICE. A certificate of appealability is DENIED. Any and all pending motions are DENIED AS MOOT.

Signed at Houston, Texas on July 31, 2012.

_____
Gray H. Miller
United States District Judge